JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BOBBY LIONELL MITCHELL, | ) | CASE NO. CV 14-9832-R |
| --- | --- | --- |
| | ) | **CR 98-975-R-3** |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | SECTION 2241 MOTION AND |
| | ) | GRANTING DEFENDANT AUDREY |
| AUDREY GILL, WARDEN, | ) | GILL'S MOTION TO DISMISS |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner's Section 2241 Motion, which was filed on December 24, 2014, (Dkt. No. 1) and Respondent Audrey Gill's Motion to dismiss, which was filed on February 10, 2015 (Dkt. No. 5). It appears Petitioner accidentally filed his Reply regarding his Section 2241 motion under the wrong case number. (*See* Case No. 14-9834, Dkt. No. 5). Recognizing this as merely a clerical error, the Court considers Petitioner's Reply in reaching its decision. Having been thoroughly briefed by both parties, this Court took the matter under submission.

Properly designed ex parte motions must address why the regular noticed motion procedures must be bypassed. *Mission Power Eng'g Co. v. Continental Cas. Co.,* F. Supp. 488, 492 (C.D. Cal. 1995). The purpose of this is "to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Id.*

Generally, when a petitioner challenges the legality of his conviction and sentence, and not the manner, location, or conditions of the sentence's execution, the petition must be brought under 28 U.S.C. § 2255, and is not cognizable under 28 U.S.C. § 2241. *Compare Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008) ("A federal prisoner challenging the legality of a sentence must generally do so by a motion pursuant to 28 U.S.C. § 2255."), and *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."), with Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

The only exception to the general rule regarding Section 2255's domain being the exclusive means by which a federal prisoner may test the legality of his detention has alternatively been called the "savings clause" or "escape hatch" of § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The savings clause or escape hatch allows a prisoner to challenge his sentence under § 2241 where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Section 2255 remedy is inadequate or ineffective "when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." *Id.* at 1060 (citations omitted). "To establish actual innocence [for purposes of Section 2255], [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citations omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S.

623-24. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim . . . , we consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal citation and quotation marks omitted).

Here, Petitioner's § 2241 Habeas Petition is more properly a successive Section 2255 motion. It does not challenge the manner, location or condition of his sentence's execution. *See Hernandez*, 204 F.3d at 864. Rather, it challenges the legality of his sentence in light of *Castillo v. United States*, 530 U.S. 120 (2000), which is more properly the subject of a Section 2255 motion. *See Harrison*, 519 F.3d at 954; *Lorentsen*, 223 F.3d at 953.

Additionally, it does not qualify under the escape hatch or savings clause under Section 2255. Here, Section 2255 did provide an adequate and effective means to test his detention. Petitioner is not entitled to file a Section 2241 motion merely because he cannot file a second or successive petition now. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). First, Petitioner has failed to even allege his factual innocence. Second, he had an unobstructed procedural shot at presenting this claim to the Court. Here, *Castillo*, the legal basis for Petitioner's claim, was decided far in advance of his sentencing and the time for him to bring his Section 2255 motion. Additionally, there has been no change in law relevant to Petitioner's claim since his initial Section 2255 motion. Accordingly, Petitioner's Section 2241 motion is more properly construed as a Section 2255 motion.

Defendant previously brought motions under Section 2255. One of these, initially labeled a Rule 60(b) motion, was remanded as a Section 2255 motion and the merits considered and rejected by this Court. Thus, the instant Section 2255 motion is a second, successive Section 2255 motion. In order to bring such a motion, Petitioner must first be granted permission to do so by

the Ninth Circuit. 28 U.S.C. § 2255(h); *see also* Ninth Cir. R. 22-3(a).  He has failed to do so. Thus, Petitioner's motion fails because it is procedurally improper.

Even if Petitioner had sought certification, the Ninth Circuit would not have granted it in this case.  Petitioner has failed to identify any newly discovered evidence that, viewed most favorably to him, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense.  He similarly has failed to show any new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable.  Absent such a showing, the Ninth Circuit would not have granted certification of his request to file a subsequent Section 2255 motion.

**IT IS HEREBY ORDERED** that Petitioner's Section 2255 Motion is DENIED (Dkt. No. 1) and the Audrey Gill's Motion to Dismiss (Dkt. No. 5) is GRANTED.

Dated: March 31, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE